IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.                                         3:03cr79/LAC
                                                              3:05cv370/LAC/MD

**MICHAEL EDWARD BUSH**

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 54). The government has filed a response (doc. 60), to which defendant was ordered to reply on February 22, 2006. (Doc. 61). After numerous extensions of time were granted (doc. 62, 64, 66 & 72), defendant has filed a reply (doc. 75). Defendant's reply crossed in the mail with the court's latest order granting him another sixty day extension of time to file his reply. (Doc. 74). On February 16, 2007, the defendant filed yet another motion for extension of time, and requested that if the motion was not granted, that he be allowed to supplement his reply with an argument based on *Cunningham v. California*.[1] (Doc. 76). Resolution of this case cannot be delayed indefinitely, and thus defendant's motion, including this request to supplement, will be denied.

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a

---

[1] 127 S.Ct. 826 (2007). The proposed supplement based on *Cunningham* was not included with the defendant's motion. However, nothing in this case appears that it would entitle defendant to relief.

careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I.  BACKGROUND

Defendant was charged in a criminal complaint with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), (doc. 1), and was subsequently indicted for this offense. (Doc. 13).  The indictment listed three prior state of Florida felony convictions, and identified six firearms that defendant was alleged to have possessed.  Defendant initially entered a plea of not guilty. (Doc. 16). He filed a motion to suppress evidence seized based on a search warrant that he believed to be without sufficient probable cause because it was based on "stale" information and because the informant's reliability and trustworthiness was not alleged or established.  (Doc. 22).  The government opposed the motion (doc. 23), and the court denied it after a hearing.  (Doc. 24 & 25).  Defendant entered a guilty plea on July 29, 2003, reserving his right to appeal the denial of the motion to suppress.  (Doc. 35).  He was advised that he faced a mandatory minimum penalty of 15 years, but that the actual sentence could not be predicted until preparation of the presentence investigation report. (Doc. 35 at 10, 11).  Both defense counsel and the defendant acknowledged the fact that the defendant was a convicted felon at the time of the offense conduct.  (Doc. 35 at 13, 14).

The presentence investigation report reflected that defendant's base offense level was 24 due to his three prior felony convictions.  Because the offense involved between three and seven weapons, the offense level was increased by two levels. However, these calculations were superseded by the provisions of 18 U.S.C. § 924(e), under which defendant was subject to an enhanced sentence such that his base offense level was 33.  After a three level reduction for acceptance of

responsibility, his total offense level was 30. Defendant's criminal history category was VI, yielding a guidelines range of 168 to 210 months. Although counsel requested that the court impose a sentence at the bottom of the applicable guidelines range, defendant was sentenced at the midpoint of the range to a term of 195 months imprisonment, a fine of $1,000, a special monetary assessment of $100 and five years of supervised release. (Doc. 36 at 3).

Defendant appealed only the district court's denial of his motion to suppress evidence. On June 21, 2004, the Eleventh Circuit Court of Appeals affirmed the district court's ruling, finding that the affidavit in support of the search warrant showed sufficient detail and corroboration to establish probable cause. (Doc. 50). Defendant timely filed the instant § 2255 motion pursuant to the prison mailbox rule on September 16, 2005. (Doc. 54). He also filed a motion to hold his § 2255 motion in abeyance due to pending state court proceedings (doc. 52) which was denied (doc. 56).[2]

In the present motion, defendant challenges the constitutionality of his sentence, claims that his conviction was obtained by violation of the privilege against self-incrimination, claims that he was denied the rights to due process and to effective assistance of counsel. The government opposes the motion in its entirety.

## II. LEGAL ANALYSIS

### A. § 2255 Review Generally

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its

---

[2]It appears that defendant has attempted to accomplish the same end through his repeated motions for extension of time to file his reply.

jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

## B.  Ineffective assistance of counsel

Defendant raises six ineffective assistance of counsel claims in his motion. Such claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez,* 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th  Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*,  466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting

*Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. In the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.

*Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

## A. <u>Invalidity of prior state convictions</u>

The alleged invalidity of the defendant's prior state convictions provides the basis for defendant's two claims that his sentence exceeded the statutory maximum, his claim that his due process rights were violated, and three of his six ineffective assistance of counsel claims. Defendant claims that he is entitled to resentencing pursuant to § 924(a)(2), which provides for a maximum sentence of ten years imprisonment.

Attached to defendant's motion for leave to hold in abeyance his § 2255 motion is a motion for writ of error *coram nobis* filed in state court challenging two of his prior felony convictions: case 94-553, involving aggravated assault, and 98-5115, involving felony battery. (Doc. 52, exh. A).[3] Defendant did not challenge his 1992 conviction for aggravated assault with a motor vehicle, case 92-5736. Although the state court motion does not bear a date, the pleading to which it is attached indicates that it was filed in state court on September 20, 2005. (Doc. 52 at 1). The motion was denied in the state court, and is currently on appeal before the First District Court of Appeal. (Doc. 73, exh. 1; www.1dca.org, case 1D06-977). Absent a state court ruling invalidating these convictions, defendant's assertion that the convictions are constitutionally infirm is without any basis in law. And, defendant's suggestion in his reply that this court should determine the invalidity of the state court convictions sua sponte is not well-taken. A motion pursuant to § 2255 is not an appropriate vehicle for determining whether a conviction later used to enhance a federal sentence was unconstitutionally obtained, unless the defendant alleges a violation of the right to counsel under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct.

---

[3] Defendant challenged case number 94-553 on the basis that it reflected a conviction for an offense other than the one to which he had pleaded guilty, and he challenged case 98-5115 on the basis that his guilty plea was not knowingly and voluntarily entered.

*Case No: 3:03cr79lac; 3:05cv370lacmd*

792, 9 L.Ed.2d 799 (1963). *See United States v. Daniels*, 532 U.S. 374, 381, 382, 121 S.Ct. 1578, 1582, 1583, 149 L.Ed.2d 590 (2001). Such a motion may be filed to collaterally attack a federal sentence after the state court conviction has been vacated. See *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) (also discussing limitations period for filing such motions).

Attorney Glenn Arnold, who represented the defendant during these criminal proceedings, has submitted an affidavit in response to the defendant's motion. Mr. Arnold states that he took steps to investigate the validity of the prior convictions defendant now seeks to challenge. Arnold states that he reviewed the state court record for each of the three state felony cases in question. He found that the defendant had been represented by counsel in each case,[4] that the judgments pertaining to the state cases appeared to be in order, and that there were no pending motions to vacate, or anything else that might have rendered the felony convictions invalid. (Doc. 60, exh. 1 at 3-4). Defendant has not suggested what else counsel could or should have done at the time beyond what he already did. Furthermore, defendant stated under oath at rearraignment that he had had sufficient time to discuss the case fully with counsel and had told counsel everything he knew about the facts of the case. (Doc. 35 at 12). He now claims that before sentencing he advised his attorney that there were unspecified "errors" in his state convictions and asked that counsel find and attack the errors before sentencing. (Doc. 75, exh. 5). However, it does not appear that he knew or was able to tell counsel of the nature of the alleged constitutional infirmities in his prior convictions. Therefore, defendant has failed to meet his burden of showing that counsel's performance was constitutionally deficient, or that he is entitled to relief based on the invalidity of his prior state court convictions.

---

[4]Pursuant to *Daniels,* only a challenge to a prior conviction based on an alleged *Gideon* violation is permissible at sentencing. 532 U.S. at 382, 121 S.Ct. at 1583.

Case No: 3:03cr79lac; 3:05cv370lacmd

B. <u>Violation of privilege against self incrimination</u>

Defendant maintains that he testified at the detention hearing with the benefit of counsel, and thus was "unprotected from questioning by the prosecutor related to the acts constituting the offense" in violation of the Fifth Amendment protection against self-incrimination. This contention is also included as one of his ineffective assistance of counsel claims.

After defendant was arrested, the court held a detention hearing on June 4, 2003. (Doc. 5, 10). ATF Agent Craig William Saier was the first witness at the hearing. Relevant to the defendant's claim, Agent Saier testified that defendant had told him "he didn't understand how he could get in trouble for his mother's guns or his father's guns, and that he had, in fact handled them but just to clean them, that he never shot them, never possessed them." (Doc. 10 at 8). Defendant was read his *Miranda* rights, and he then repeated basically the same thing, and denied having otherwise possessed the weapons. (*Id.* at 8-9). Agent Saier described photographs seized from the residence showing the defendant in possession of what appeared to be a gun holster and a .45 caliber pistol seized from the residence, as well as an SKS rifle. (*Id.* at 9). He also testified that the defendant, after an altercation between his sister-in-law and an ex-wife at his mother's home, had told a deputy that if his sister-in-law returned to the home he would shoot her. (*Id.* at 11).

Defendant testified in his own behalf at the hearing. (Doc. 10 at 26-54). Before his testimony, Assistant Federal Public Defender Thomas Keith, who was representing the defendant at that hearing, informed the court that although the defendant had some information to provide, counsel was not going to ask about the charges against him and would object to any questions on that issue. (Doc. 10 at 26). The court declined to limit the government's cross-examination until it heard the questions asked by defense counsel. Counsel noted, and the court concurred, that defendant had the right to remain silent about any charge. (*Id.*)

Defendant testified regarding the accuracy of his prior record, the circumstances of a single charge of failure to appear, the fact that he had secured

bond in four or five other cases, his lengthy residence with family in the local area, his payment of child support, his employment for over a years as an electronics technician, his compliance with a previous court order directing him to complete anger management and drug classes, his ability to reside with his mother if he is released, the fact that all firearms were or would be removed from the residence, that his mother's health was declining and she was in need of his assistance around the house and with errands, doctor's visits and ensuring she takes the proper medication. (Doc. 10 at 26-35). Defendant was asked if he was released whether he would be able to abide by the condition that he not violate the law at all. He affirmed that he could, but volunteered that he had "no idea that [he] was in violation of the law by having [his] mother or [his] stepfather's guns in the house." (Doc. 10 at 38). He went on to explain that he was "under the impression that in order to be in possession of a firearm meant to have it on your person, in your vehicle." (*Id.*). He reiterated that he would appear, not violate the law, report as directed and comply with any conditions that were set which would allow him to take care of his mother. (*Id.*).

The cross examination covered myriad issues including defendant's place of residence, aspects of his relationship with former spouses, and the fact that he had a new girlfriend who was sleeping in the room where some of the weapons in question as well as many of defendant's personal effects were found. (Doc. 10 at 39-42). Defendant was asked about his belief, expressed on direct examination, that he had to have the guns on his body or in his car to "possess" them, and the fact that he had told an officer that he had possessed the guns, when he had been asked by his mother to clean them. (Doc. 10 at 42-44). He testified about the anger management and substance abuse classes he took, and the incident when he had allegedly threatened his sister-in-law (doc. 10 at 45-49).

Thus, throughout direct and cross-examination, the only testimony about the offense conduct was defendant's admission that he had previously told the investigating officer that he had cleaned the firearms at his mother's request, which

was already in evidence through the testimony of Agent Saier, as noted above. (Doc. 10 at 42, 44). Thus, even if his own statement could be characterized as a "compelled statement" it was not necessarily of any consequence in the proceedings against him, as it was merely cumulative evidence. Defendant's attempt to characterize his testimony as "altering the course of the proceedings from detention hearing to rearraignment" is disingenuous. He has not shown either that counsel's performance was constitutionally deficient or that the outcome of the proceedings would have been different had the defendant not testified about his statements to law enforcement at the time of his arrest.

C. <u>Search Warrant</u>

Defendant contends that counsel was constitutionally ineffective because he failed to timely and effectively object to the Application for Search Warrant and the Search Warrant on the basis that due process was denied where the actions were filed under various case numbers at different times. The fact that different numbers were assigned to the criminal complaint (3:03m155), the state search warrant issued by the federal magistrate (3:03m154), and the indictment (3:03cr79/LAC) does not establish ineffective assistance of counsel or any other violation of defendant's rights. Defendant's challenge to the validity of the search warrant itself was litigated before the trial court and on direct appeal, and is not subject to further challenge herein. The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied,* 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan,* 663 F.2d 1034, 1035 (11th Cir. 1981). There is no basis for relief on this claim.

### D. *Apprendi* claim

Defendant claims that counsel "failed to make an application of law consistent with" *Apprendi*,[5] *Blakely*,[6] and *Booker*[7] and "failed to pursue such grounds throughout the conclusion of the proceedings." In the seminal *Apprendi* case, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. As clarified in *Blakely*:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring, supra*, 536 U.S. at 602, 122 S.Ct. at 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (*quoting Apprendi, supra*, 503 U.S. at 483, 120 S.Ct. at 2348)) . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*).

In *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court extended its holding in *Blakely* to the Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. It excised two parts of the Sentencing Reform Act to cure the constitutional defects: 18 U.S.C. § 3553(b)(1), which made the guidelines result binding on the sentencing court and § 3742(e), which required *de novo* review of sentences on appeal. *Id.* at 764.

---

[5] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[6] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[7] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**Defendant now appears to argue that counsel was constitutionally ineffective because he failed to predict this change in law after *Apprendi*. Eleventh Circuit precedent forecloses such a contention. See *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law will develop'")). Furthermore, the Eleventh Circuit and other appellate courts have held that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."), cert. denied 126 S.Ct. 199 (2005); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005) (per curiam) ("[N]either *Booker* nor *Blakely [v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."), cert. denied, 125 S.Ct. 2559, 162 L.Ed.2d 285 (2005); *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005) (it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987). Thus, defendant is not entitled to relief on this claim.**

**Accordingly, it is ORDERED:**

**Defendant's motion for extension of time or in the alternative to supplement (doc. 76) is DENIED.**

Defendant now appears to argue that counsel was constitutionally ineffective because he failed to predict this change in law after *Apprendi*. Eleventh Circuit precedent forecloses such a contention. See *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law will develop'")). Furthermore, the Eleventh Circuit and other appellate courts have held that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."), cert. denied 126 S.Ct. 199 (2005); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005) (per curiam) ("[N]either *Booker* nor *Blakely [v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."), cert. denied, 125 S.Ct. 2559, 162 L.Ed.2d 285 (2005); *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005) (it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987). Thus, defendant is not entitled to relief on this claim.

Accordingly, it is ORDERED:

Defendant's motion for extension of time or in the alternative to supplement (doc. 76) is DENIED.

And based on the foregoing, it is respectfully **RECOMMENDED**:

The motion to vacate, set aside, or correct sentence (doc. 54) be DENIED.

At Pensacola, Florida, this 16th day of March, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).